John J. Walsh, J.
Respondents move for a dismissal of an appeal from a judgment for defendants rendered after a jury-verdict in the Utica City Court in which plaintiff demands a new trial in County Court as a matter of right pursuant to section 442 of the Justice Court Act.
Respondents claim that the appeal has never been perfected by reason of the fact that appellant has failed to comply with section 6-a of the Utica City Court Act relative to appeals from that court. (L. 1934, ch. 62.)
Among the specifications cited, it is claimed appellant failed to cause the Chief Clerk of that court, at the expense of the appellant, to certify and file with the County Clerk, a copy of the notice of appeal, a transcript of the evidence and judgment roll.
That this return has not been filed is not disputed. Appellant contends that this is not required since there is a demand for a new trial in the appellate court and that this new trial is a matter of right and not of discretion (Justice Court Act, § 442).
Respondent also contends that no undertaking has been filed as required by sections 434 and 443 of the Justice Court Act. This is not a serious obstacle for the reason that the court has discretion to permit such undertaking nunc pro tunc. (Brown v. Gladstone, 178 Misc. 441.)
What is important, however, is the fact that appeals from the Utica City Court which is a court of record of the State of New York are governed not by the Justice Court Act but by the provisions of section 6-a of the Utica City Court Act.
That section provides specifically that, ‘ ‘ nothing herein contained shall be deemed to grant the right to a new trial in the appellate court.”
Appeals from the City Court of Utica are limited to “questions of law and fact” or “of law ” and not solely to “ questions of fact ”.
The note of issue filed by the appellant for the September 1959 Trial Term of the Oneida County Court is therefore null and void.
Except as to the “ right to a new trial in the appellate court ” section 6-a of the Utica City Court Act provides that civil appeals to the County Court on questions of law and fact or of law shall be had ‘ ‘ in the same manner and with the like effect as appeals are now had by law to the county court from justice’s court judgments
*435 Had this been an appeal involving a question of law and no new trial had been demanded, the appellant would have been entitled to his day in court, but such is not the case here and the motion must be granted and the appeal dismissed, without costs.
An order may be prepared and submitted accordingly.